

U. S. DEPARTMENT OF JUSTICE

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

---

| | | |
|---|---|---|
| United States Courthouse | | |
| 1125 Chapline Street, Suite 3000 | Phone: | (304) 234-0100 |
| P. O. Box 591 | FAX: | (304) 234-0111 |
| Wheeling, WV 26003 | | |

August 18, 2020

FILED
SEP 0 3 2020
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Brian J. Kornbrath
Federal Public Defender
230 West Pike Street; Suite 360
Clarksburg, West Virginia 26301

In re: *United States of America v. Anthony A. Shuster, Jr.*
No.: ~~5:18CR50-6~~ 1:19CR52

Dear Mr. Kornbrath:

This letter will confirm conversations with you concerning your client, Anthony A. Shuster, Jr. (hereinafter referred to as Defendant).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

It is agreed between the United States and your client as follows:

1.  Defendant agrees to plead guilty to Count One of the Indictment charging him with Distribution of More than 50 grams of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2.  Defendant hereby also waives any right he has or may have to sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with *United States v. Booker*, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Defendant further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard. Defendant acknowledges and understands that by signing this Plea Agreement he waives any right to a jury determination of

_____
Anthony A. Shuster, Jr., Defendant

_____
Brian J. Kornbrath, Esq.

AUG. 25, 2020
Date Signed

AUG. 25, 2020
Date Signed

Brian J. Kornbrath, Esq.
August 18, 2020
Page 2

sentencing factors that he has or may have pursuant to the Sixth Amendment to the Constitution of the United States of America.

3. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty to Count One of the Indictment as stated in paragraph 1 above, would be would be not less than Ten (10) years nor more than Life, a fine of Ten Million Dollars ($10,000,000.00), and a term of at least Five (5) years supervised release and a mandatory special assessment of $100.00 (18 U.S.C. 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. It is also understood that Defendant might be required by the Court to pay the costs of his incarceration.

4. Pursuant to Sections 6B1.4, 1B1.3, 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant as determined by the Drug Equivalency Table under U.S.S.G. §2D1.1 is a U.S.S.G. advisory guideline **Base Offense Level 30**. Furthermore, the parties hereby stipulate and agree the following Specific Offense Characteristics apply: a two (2) level increase for possession of a firearm pursuant to Section 2D1.1(b)(1). The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation, and if not accepted by the Court, Defendant will not have the right to withdraw his plea of guilty.

5. Defendant will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and Grand Jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

6. Nothing contained in any statement or any testimony given by Defendant pursuant to Paragraph 5 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range. This Agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 5 above.

7. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also dismiss the remaining Counts pending against defendant.

_____
Anthony A. Shuster, Jr., Defendant

_____
Brian J. Kornbrath, Esq.

AUG. 25, 2020
Date Signed

AUG. 25, 2020
Date Signed

Brian J. Kornbrath, Esq.
August 18, 2020
Page 3

8. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes **nonbinding** recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the defendant understands that the Court is **not** bound by these sentencing recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

9. The United States will make the following nonbinding recommendations: 1) if Defendant accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, **if applicable**, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, Defendant must execute this Plea Agreement on or before **August 28, 2020**, and return or fax an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the advisory guideline range.

10. If in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement including a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

11. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute. Defendant is also aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right: a. to appeal any order, the conviction and any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742; b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting

| _____ | Aug. 25, 2020 |
| Anthony A. Shuster, Jr., Defendant | Date Signed |
| _____ | Aug. 25, 2020 |
| Brian J. Kornbrath, Esq. | Date Signed |

Brian J. Kornbrath, Esq.
August 18, 2020
Page 4

claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Defendant's background, criminal record, offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made to the Court, by Defendant or his counsel.

13. Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. §3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in a pre-sentencing debtor examination. Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access Defendant's credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. Defendant agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court imposes a schedule of payments, Defendant agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of Defendant's payment status or history at the time of said submission.

14. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

_____
Anthony A. Shuster, Jr., Defendant

_____
Brian J. Kornbrath, Esq.

Aug. 25, 2020
Date Signed

Aug. 25, 2020
Date Signed

15. The above fourteen (14) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By: *[signature]*

Stephen L. Vogrin
Assistant United States Attorney

As evidenced by my signature at the bottom of the 5 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

*[signature]*

Anthony A. Shuster, Jr., Defendant

*[signature]*

Brian J. Kornbrath, Esq.

AVG-25, 2020
Date Signed

AVG-25, 2020
Date Signed